UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MANUEL ALEJANDRO BLANCHARD GUZMAN,

Petitioner,

v.

Case No. 2:26-cv-2366-KCD-KRH

WARDEN, GLADES COUNTY DETENTION CENTER, U.S. ATTORNEY GENERAL,

Respondents.
_______________________________/

**ORDER**

Petitioner Manuel Alejandro Blanchard Guzman filed a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) He claims that his immigration detention violates the Fifth Amendment. As for relief, he seeks immediate release or a custody review. (Doc. 1 at 11.)

Since filing the petition, an immigration judge granted Guzman a bond and he was released. (Docs. 3, 3-1.) Given these developments, the Government argues that the case is now moot and can be dismissed. (Doc. 3.) The Court agrees.

Article III of the Constitution limits federal courts to resolving actual, ongoing controversies. We do not issue advisory opinions, and we do not keep cases on the docket when the underlying dispute has evaporated. *See Al*

*Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001). When Guzman filed his petition, his only grievance was that he had been locked up with no mechanism for release. (Doc. 1.) Now, he has had a bond hearing, and he is out. The challenge to his initial, physical detention is therefore moot.

There are exceptions to the mootness doctrine. A case may survive if a petitioner suffers from collateral consequences of the detention—some concrete injury that persists even after release. But Guzman's habeas petition challenged only his detention, not the validity of his removal order or anything else. Guzman has not shown (or even argued) any continuing injury from his prior detention that this Court can now remedy, nor does he raise any issues with the bond or conditions. *See id.* ("So where a habeas petitioner has been released from detention—when, for example, he is removed from the country—and he has not raised a challenge to a collateral consequence, we've held that his appeal of the denial of his habeas petition has become moot.").

There is also an exception for cases that are "capable of repetition, yet evading review." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1339 (11th Cir. 2001). This applies only in "exceptional situations" where there is a "demonstrated probability" that the same controversy will happen again to the same person. *Id.* That is not the case here. To find otherwise, the Court would have to assume that Guzman will again be detained under the same unconstitutional policy he initially challenged. That is simply too remote a possibility to

sustain federal jurisdiction. *See, e.g.*, *Mehmood v. United States Att'y Gen.*, 808 F. App'x 911, 913 (11th Cir. 2020), *Kerbay v. Sessions*, No. 17-21055-CIV, 2017 WL 11697007, at *1 (S.D. Fla. May 2, 2017).

For the reasons above, Guzman's habeas petition (Doc. 1) is **DENIED as moot**. The Clerk of Court is **DIRECTED** to terminate all deadlines, deny any pending motions as moot, and close the case.

**ORDERED** in Fort Myers, Florida on September 9, 2026.

Kyle C. Dudek
United States District Judge